KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900
FACSIMILE:
(202) 326-7999

July 10, 2026

The principle enunciated by plaintiffs counsel, taken to its extreme, would lead to an inability to address cases in the order in which they were filed. See, e.g. Valnet v. Google, 26 cv 5886, as an example of an action filed subsequent to Nexstar's. Application DENIED. SO ORDERED. [signature] USDJ 7-16-26

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *In re Google Digital Antitrust Litigation*, No. 1:21-md-03010-PKC [rel: *Nexstar Media Inc. et al. v. Google LLC*, No. 1:26-cv-05671-PKC]

Dear Judge Castel:

On behalf of Nexstar Media Inc. and its subsidiary TEGNA Inc. ("Nexstar"), we write to request that the Court enter the Civil Case Management Plan and Scheduling Order ("CMO") attached as Exhibit 1. This case schedule would align Nexstar's case with the expert discovery schedule agreed upon by the parties in the Group 1 Premium Publisher Cases,[1] Group 2 Premium Publisher Cases,[2] and the *Washington Post* case.[3] Nexstar is represented by the same counsel, brings substantially the same claims, and plans to share the same experts as the publishers in those cases. There is no conference scheduled at this time.

Nexstar is prepared to proceed with discovery immediately and complete expert discovery on the same schedule as the other publishers represented by undersigned counsel. Nexstar also plans to use the same experts. Entering the proposed CMO would maximize

---

[1] *Dotdash Meredith Inc. v. Google LLC*, No. 1:25-cv-07194-PKC (S.D.N.Y.); *Insider, Inc. v. Google LLC*, No. 1:25-cv-07409-PKC (S.D.N.Y.); *Slate Group LLC v. Google LLC*, No. 1:25-cv-07697-PKC (S.D.N.Y.); and *CMI Marketing, Inc. v. Google LLC*, No. 1:25-cv-08630-PKC (S.D.N.Y.).

[2] *Advance Publications, Inc. v. Google LLC*, No. 1:26-cv-00343-PKC (S.D.N.Y.); *McClatchy Media Company v. Google LLC*, No. 1:26-cv-00339-PKC (S.D.N.Y.); *Vox Media, LLC v. Google LLC*, No. 1:26-cv-00325-PKC (S.D.N.Y.); *The Atlantic Monthly Group LLC v. Google LLC*, No. 1:26-cv-00272-PKC (S.D.N.Y.); *Penske Media Corporation v. Google LLC*, No. 1:26-cv-00225-PKC (S.D.N.Y.); *Ziff Davis, Inc. v. Google LLC*, No. 1:26-cv-01055-PKC (S.D.N.Y.); and *Los Angeles Times Commc'ns LLC v. Google LLC*, No. 1:26-cv-01593 (S.D.N.Y.).

[3] *WP Co. LLC v. Google LLC*, No. 1:26-cv-04058-PKC (S.D.N.Y.).

judicial and party efficiency, ensuring that fact discovery in these cases will be completed by the end of the year and expert discovery by March 2027. *See* MDL Dkt. No. 1848. And it would minimize the need for serial expert reports: all Premium Publishers would file one set of reports in September 2026, Google would respond in December 2026, and Premium Publishers would file one set of rebuttal reports in January 2027. *Id.* Otherwise, Nexstar and Google would be required to file a second round of expert reports covering basically the same material as the first.

Google rejected Nexstar's proposal when the parties conferred and instead seeks to have Nexstar's case proceed alongside the *Mediavine*[4] and *WebMD* actions[5] as part of a separate "Group 3" set of cases.[6] This would be inefficient. Mediavine and WebMD are represented by different counsel, will use different experts, and have alleged different claims from Nexstar. For example, WebMD pleads unique claims under California's Unfair Competition Law and alleges that Google "coordinate[d] with a primary potential competitor, Facebook, to reduce overall competition." *WebMD*, Dkt. No. 1, ¶¶ 148, 191-193. This allegation has no parallel in Nexstar's Complaint. Likewise, Mediavine pleads a distinct "AdWords-AdX tie," in addition to Google's tie between AdX and DFP. *See Mediavine*, Dkt. No. 1, ¶¶ 81-91. Finally, both Mediavine and WebMD agreed voluntarily to stay discovery in their cases pending resolution of Google's motions to dismiss either in their cases or those of certain Premium Publishers. *See* MDL Dkt. No. 1836, ¶ 5. Nexstar, by contrast, is prepared to start discovery now, consistent with prior practice in the Group 1, Group 2, and *Washington Post* cases.

Google also suggested during the parties' meet-and-confer that it is too busy to proceed with discovery for Nexstar because it is currently conducting discovery in the *Washington Post* and Competitor cases. But this Court repeatedly has ordered the parties to conduct parallel fact discovery in several cases. Nonetheless, to address Google's concern, Nexstar proposes to notice no more than 3 offensive depositions and would limit its written discovery to 2 interrogatories, 3 Requests to Admit, and 15 Requests for Production (compared to 28 depositions, 10 interrogatories, 20 RFAs, and unlimited RFPs across the Group 2 cases; and 4 depositions, 3 interrogatories, 6 RFAs, and unlimited RFPs in the *Washington Post* case). These limitations reflect Nexstar's commitment to a prompt resolution of discovery in its case. This will substantially reduce any burdens on Google.

---

[4] *Mediavine, Inc. v. Google LLC*, No. 1:26-cv-02329-PKC (S.D.N.Y.) ("*Mediavine*").

[5] *MH Sub 1, LLC, d/b/a Internet Brands, WebMD Health Corp., and WebMD LLC v. Google LLC*, No. 1:26-cv-04119-PKC (S.D.N.Y.) ("*WebMD*").

[6] Google also alternatively proposed a Nexstar-only schedule whereby fact discovery would close in January 2027 and expert discovery in June 2027. This would impose needless delay and be inefficient for the reasons already explained: it would require serial rounds of expert discovery for similarly situated plaintiffs working with the same experts.

Nexstar's case should proceed as the parties agreed in the *Washington Post* action: alongside its companion cases, rather than on a separate (and unnecessarily delayed) schedule crafted for differently situated publishers. *Compare* MDL Dkt. No. 1835 (entering CMO for the *Washington Post* case), *with* MDL Dkt. No. 1836 (on the same day, entering stipulation to delay discovery in the *Mediavine* and *WebMD* actions). Consistent with the Court and parties' past practice, we respectfully request that the Court permit Nexstar to proceed on a joint expert discovery schedule with its companion publishers and to enter the proposed CMO attached as Exhibit 1.

Respectfully submitted,

/s/ *John Thorne*

John Thorne
Evan T. Leo
Joseph S. Hall
Daniel G. Bird
Christopher C. Goodnow
Jonathan I. Liebman
Eric X. Xu
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
eleo@kellogghansen.com
jhall@kellogghansen.com
dbird@kellogghansen.com
cgoodnow@kellogghansen.com
jliebman@kellogghansen.com
exu@kellogghansen.com

*Counsel for Nexstar Media Inc. and TEGNA Inc.*

cc: All Counsel of Record via ECF